# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# PALM BEACH DIVISION

| IN RE: | Chapter 13 Case |
|---|---|
| JOSEPH LLEWELLYN WORRELL, | Case No.: 09-135332-EPK |
| Debtor. | |

## MOTION TO ALLOW PROOF OF CLAIM AS TIMELY FILED
## (NO HEARING REQUESTED UNTIL APRIL AFTER APRIL 30, 2010)

Creditor EMIGRANT MORTGAGE COMPANY, INC. ("Emigrant"), by and through undersigned counsel, files this Motion to Allow Proof of Claim as Timely Filed ("Motion"), pursuant to Federal Rules of Bankruptcy Procedure ("BR") 9006(b)(2). As grounds in support of the Motion, Emigrant states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On March 26, 2009, the debtor Joseph Llewellyn Worrell ("Debtor") commenced this case by filing a pro-se petition for relief under Chapter 13 of the Bankruptcy Code.

2. Thereafter, the Court set September 21, 2009 as the deadline for creditors to file proofs of claim against the Debtor (the "Claims Bar Date").

3. Emigrant is a creditor of Debtor by virtue of a Note and Mortgage entered on or about June 23, 2005 and a Final Judgment of Foreclosure on the subject property entered in October 2008 in the total amount of $639,955.05. A copy of the Final Judgment entered in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida is attached as part of the attachment to Exhibit "A" hereto.

4.  A Final Judgment set the sale for December 1, 2008. Debtor filed a prior petition for relief under Chapter 7 the business day before the scheduled sale date. That chapter 7 action, Case No.: 08-28176-PGH, was subsequently dismissed.

5.  Debtor's schedules list Emigrant as a secured creditor and reference the mortgage foreclosure action. See C.P. 18, Schedule D listing debt owed to Emigrant as $550,000 (page 8 of 28); Statement of Financial Affairs at C.P. 18, page 20 of 28 listing foreclosure. See also Debtor's Pro-Se Chapter 13 Plan at C.P. 17 proposing payments to Emigrant.

6.  Debtor failed to appear at the 341 meeting of creditors. The Plan was never confirmed. On July 1, 2009 this Court entered an Order Granting Trustee's Request for Order Dismissing Case for Failure to Appear at the Meeting of Creditors and for Failure to Make Pre-Confirmation Plan Payments. [C.P. 28]

7.  Thereafter, on September 1, 2009, this Court entered an Order Granting a Motion to Vacate Dismissal and Granting Motion to Stay Proceedings [C.P. 33]. Said Order provides these proceedings are stayed until April 30, 2010.

8.  Thereafter, Emigrant has sought to piece together this bankruptcy, prior state court proceedings and the status of Debtor's obligation to Emigrant on the subject property.

9.  The proposed proof of claim setting forth the correct amounts due Emigrant by Debtor as of the petition date and subsequently thereafter is attached hereto as Exhibit "A".

## ALLOWANCE OF CLAIM AS TIMELY FILED IS WARRANTED

In this case, the Court stayed these proceedings on September 1, 2009 -- prior to the expiration of the claims bar date of September 21, 2009. To the extent a new 341 meeting has

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

not been set and there is no new claims bar date, Emigrant would like to present its claim without violating any court orders

Bankruptcy Rule 9006(b) governs the extensions, including extra time to file a proof of claim. It states:

> (b) Enlargement.
> (1) In General... [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion...(2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

In the event this Court determines that Emigrant must demonstrate excusable neglect with respect to the factors for excusable neglect under Federal Rule of Bankruptcy Procedure ("BR") 9006(b)(2), such factors weigh in favor of allowing Emigrant's proof of claim to be filed. The factors to be considered in determining whether a movant has established "excusable neglect" for purposes of allowing the attached proof of claim beyond the "original" claims bar date were articulated by the United States Supreme Court in *Pioneer Inv. Serv.'s Co. v. Brunswick Assoc.'s Ltd. Partnership*, 507 U.S. 380 (1993)("*Pioneer*").

The *Pioneer* Court explained that the bankruptcy court's determination of whether neglect is excusable should be an equitable one, taking into account all relevant circumstances including: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395.

In this case, as further demonstrated below, the Emigrant claim meet the criteria for excusable neglect set forth by *Pioneer*, such that the Court should deem them to be timely flied proofs of claims.

### There is no Danger of Prejudice to the Debtor

The first *Pioneer* factor requires the Court to consider whether allowing the Emigrant Claim will prejudice the Debtor. In this case, there can be no prejudice to the Debtor. As a threshold issue Debtor fully knows about his obligation to Emigrant.

### Filing of Emigrant Claim has no Significant Impact on the Bankruptcy Case

The second *Pioneer* factor requires the Court to consider the extent of any delay in raising the claim and the impact of that the delay on the Debtor's bankruptcy case. Here, the Claims Bar Date is currently set for September 21, 2009. The instant motion is being filed, along with the proposed Emigrant proof of claim attached hereto as exhibit "A" as soon as Emigrant was able to verify Debtor's status per the Court order and entitlement to a rate reduction pursuant to the corresponding sailors and solders act. Furthermore, this matter is currently stayed, a 341 meeting will be rescheduled and no request for hearing is made until after the stay is lifted on or about April 30, 2009. Accordingly, this motion/proof of claim will have little effect in this case.

Additionally, this motion has not and will not delay, stall or otherwise impact the claims administration process in this case.

### Case Stayed Prior to Claims Bar Date

The third *Pioneer* factor requires the Court to consider the reason for the delay in filing the late filed proof of claim, including whether it was within the reasonable control of the

movant. In this case, this matter has been stayed prior to the claims bar date – an issues over which Emigrant had no reasonable control.

**Emigrant has acted in Good Faith**

The fourth *Pioneer* factor requires the Court to consider whether the movant has acted in good faith. There was no tactical or intentional decision by Emigrant to stall the filing of the Claim; rather, Emigrant was left with no choice based on previously scheduled deadlines.

WHEREFORE, based on the foregoing, Emigrant respectfully requests that the Court enter an order allowing the Emigrant Claim, attached hereto as Exhibit "A", as a timely filed (based on the current/stayed deadlines) proof of claim in this Debtor's case, and grant any further relief that the Court deems just and proper.

BECKER & POLIAKOFF, P.A.
Counsel for Creditor Emigrant
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone (305)262-4433
amartinez@becker-poliakoff.com

*s/ Aleida Martínez Molina*
Aleida Martínez Molina
Florida Bar No.: 869376

**CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE**

I HEREBY CERTIFY that we are admitted to the Bar of the United States District Court for the Southern District of Florida and are in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2091-1(a) and that a copy of the foregoing was, on October 30, 2009, filed electronically with the Clerk of the Court by using the CM/ECF system and further served by U.S. mail and/or electronic mail to the parties on the attached service list this 30th day of October, 2009.

/s/ Aleida Martínez Molina
ALEIDA MARTINEZ MOILNA

ACTIVE: E09475/116345:2770226_1
10/28/09

5
LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

EXHIBIT "A"

| B10 (Official Form 10) (12/07) | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA | | PROOF OF CLAIM |
| Name of Debtor: JOSEPH LLEWELLYN WORRELL | | Case Number: 09-15332-EPK |
| NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.* | | |

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): EMIGRANT MORTGAGE Co. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: Becker and Poliakoff, P.A., Attn: Aleida Martinez Molina, Esq. 121 Alhambra Plaza, 10th floor Coral Gables, FL 33134 Telephone number: (305) 262-4433 | Court Claim Number:_____ *(If known)* Filed on: |
| Name and address where payment should be sent (if different from above): Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ 623,955.05 If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. Specify the priority of the claim. ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** RECORDED NOTE AND MORTGAGE; FORECLOSURE JUDGMENT (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** ____ **3a. Debtor may have scheduled account as:** _____ (See instruction #3a on reverse side.) | |
| **4. Unsecured Claim** (See instruction #4 on reverse side.) Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. Nature of property or right of setoff: X Real Estate ☐ Motor Vehicle Other Describe: Value of Property:$__ Annual Interest Rate ___ Amount of arrearage and other charges as of time case filed included in secured claim, if any:_____ Basis for perfection: Recorded Note and Mortgage; Foreclosure Judgment Amount of Secured Claim: $623,955.05 Amount Unsecured: $ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: | Amount entitled to priority: $_____ *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| **Date:** 10/29/09 **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. 1156221 **Attorney-in-Fact: Aleida Martinez Molina** | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,    CASE NO.: 502007CA019114XXXXMB (AW)
a Foreign Profit Corporation,

    Plaintiff,

v.

JOSEPH L. WORRELL, MARCELLA M.
WORRELL, RUTH A RUDDER, EDWIN
L. WORRELL, NAVY FEDERAL CREDIT
UNION, JOHN DOE, and JANE DOE,

    Defendants.
_____/

## FINAL SUMMARY JUDGMENT
(Publish in Daily Business Review)

THIS CAUSE having come before the Court on Plaintiff's Motion for Final Summary Judgment of Foreclosure and Award of Attorney's Fees and Costs, the Court having considered the pleadings and proofs submitted, including Plaintiff's Affidavit of Costs, the detailed time records of Plaintiff's counsel, counsel's fee arrangement with Plaintiff and the guidelines established by the Supreme Court in <u>Standard Guarantee Insurance Co. v. Quanstrom</u>, 555 So.2d 828 (Fla. 1990) and <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So.2d 1145 (Fla. 1985), having reviewed the Court file, and being otherwise duly advised in the premises,

THIS COURT finds Plaintiff's counsel has reasonably expended _____ hours on this litigation, and that a reasonable hourly rate for the services of Plaintiff's counsel is $165.00 - $300.00, yielding a lodestar which is subject neither to enhancement for the contingency risk factor, nor to reduction based on the results obtained.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

EXHIBIT
to Proof of Claim
(Composite)

1. This Court has jurisdiction of the subject matter hereto and the parties hereto. The equities of this cause are with the Plaintiff. There is due to the Plaintiff the sum of money as hereinafter set forth:

| | | | |
|---|---|---|---|
| a. | Unpaid Principal Balance | $538,077.96 | |
| b. | Accrued Interest from 7/1/07-10/20/08 (Per diem @ 8.875% = $131.49) | 72,664.59 | |
| c. | Late Charges prior to acceleration | 1,258.52 | |
| | **Advances:** | | |
| d. | Taxes and Charges advanced | 7,669.97 | |
| e. | Inspections | 230.00 | $619,901.04 |
| | **COSTS** | | |
| f. | Title Search Information | 70.50 | |
| g. | Filing Fees (Palm Beach County) | 261.60 | |
| h. | Service of Process | 516.00 | |
| i. | Michael S. Perse, Esq. | 50.00 | 1,054.01 |
| | **SUB-TOTAL** | | $620,955.05 |
| | Attorney's fees | | $ 3000.00 |
| | **TOTAL** | | $623,955.05 |

2. Plaintiff holds a lien for the total sum specified in paragraph 1, plus interest at the rate of 11%, superior to any claim or estate of the Defendants upon the described properties in Palm Beach County, Florida described below as follows:

> Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in Plat Book 34, Pages 56 to 62.

3. If the total sum with interest at the rate described in paragraph 2 and all costs accrued subsequent to this Judgment are not paid within five (5) days, the Clerk of this Court shall sell that property at public sale on the __1st__ day of __December 2008__, to the highest bidder or bidders for cash, except as prescribed in paragraph 4, at the Palm Beach County Clerk's Office, at 205 N. Dixie Hwy, West Palm Beach, FL 33401, in Room First Floor 1.2406 at __10:00__ a.m., in accordance with Section 45.031, Florida Statutes. **The Clerk of the Court shall not conduct said sale unless Plaintiff or Plaintiff's representative is present.**

NO SOONER THAN 40 DAYS

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the Certificate of Title the Clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of the Plaintiff's costs; second, Plaintiff's attorneys' fees; third, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court. The purchaser of the sale shall pay the documentary stamps in accordance with Florida law.

6. In accordance with Section 45.0315, Florida Statutes, upon the Clerk filing the Certificate of Sale, Defendants shall forever be barred and foreclosed of any and all equity or right of redemption in and to the property. Subsequently, upon the Clerk filing the Certificate of Title, the sale shall stand confirmed and Defendants and all persons claiming an interest in the property since the filing of the Notice of Lis Pendens, shall be foreclosed of all other estate or claim in the property, and the purchaser at the sale shall be let into possession of the property, and the Clerk shall issue a Writ of Possession upon the request of said purchaser, his representatives or assigns, without further order of this Court.

7. Jurisdiction over the subject matter and the parties hereto is reserved for the purpose of entering such further orders and judgments as are necessary and proper, including but not limited to, orders and judgments for a deficiency and orders and judgments providing for the extinguishment of any other interest in the subject property subordinate to Plaintiff's interest therein.

8. Required by F.S. §45.021 and §45.032: If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this final judgment.

   a. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the clerk no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

   b. If the subject property has qualified for the homestead tax exemption in the most recent approved real property tax roll, please note the following:

   1. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the clerk of the court within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the clerk has in registry of the court.

   2. If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact the local or nearest Legal Aid office to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other option. If you choose to contact

Legal Aid for assistance, you should do so as soon as possible after receipt of this notice.

DONE AND ORDERED in Chambers in Palm Beach County, Florida, this ____ day of _____10/26_____, 2008.

/s/ Jeffrey Colbath
JEFFREY COLBATH
CIRCUIT COURT JUDGE

**Copies furnished to:**

Emigrant Mortgage Company, Inc., c/o Steven M. Davis, Esq., Becker & Poliakoff, P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134
Joseph L. Worrell, Ruth A. Worrell and Edwin L. Worrell, 13993 Caloosa Blvd., Palm Beach Gardens, FL 33418
Marcela Worrell, 5470 SW 22nd Place, Ocala, FL 34480
Marie Campbell, Esq., Florida Default Law Group, PL Attorneys for Navy Federal Credit Union, POB 25018, Tampa, FL 33622-5018
MIA_DB: 1070230_1

# Proof of Claim Information

10/16/09

| | |
|---|---:|
| Borrower | Worrell |
| Loan Number | 481617 |
| Date of Bk Filing | 3/26/09 |
| Chapter | 13 |
| Monthly Payment | $5,506.58 |
| Principal Balance as of Filing | $538,077.96 |

## Arrears:

| | |
|---|---:|
| Total Principal owed as of Filing | $7,186.82 |
| Total Interest owed as of Filing | $89,846.30 |
| Total Late Charges as of Filing | $2,091.39 |
| Return Check Charges | $0.00 |
| Tax and Insurance Advances | $24,347.94 |
| **Other Advances** | |
| Inspections/Preservation | $280.00 |
| Appraisals | $450.00 |
| Legal Fees/ disbursements paid to date | $7,001.09 |

**TOTAL ARREARGE AS OF FILING** ➡ **$131,203.54**

```
Going forward MONTHLY amounts due
(Reduced rate of 6% in accordance
with Seldiers and Sailors Act)................4,843.79
```

# Back- up

| | | |
|---|---|---|
| **L/C   07/01/07** | **$** | **322.17** |
| REG RCV 08/01/07 | $ | 5,185.90 |
| L/C   08/01/07 | $ | 327.07 |
| **REG RCV 09/01/07** | **$** | **5,185.90** |
| L/C   09/01/07 | $ | 327.07 |
| REG RCV 10/01/07 | $ | 5,185.90 |
| REG RCV 11/01/07 | $ | 5,185.90 |
| REG RCV 12/01/07 | $ | 5,185.90 |
| REG RCV 01/01/08 | $ | 5,185.90 |
| REG RCV 02/01/08 | $ | 5,185.90 |
| REG RCV 03/01/08 | $ | 5,185.90 |
| REG RCV 04/01/08 | $ | 5,185.90 |
| REG RCV 05/01/08 | $ | 5,185.90 |
| REG RCV 06/01/08 | $ | 5,185.90 |
| REG RCV 07/01/08 | $ | 5,185.90 |
| REG RCV 08/01/08 | $ | 4,350.29 |
| REG RCV 09/01/08 | $ | 4,350.29 |
| REG RCV 10/01/08 | $ | 4,350.29 |
| REG RCV 11/01/08 | $ | 4,350.29 |
| REG RCV 12/01/08 | $ | 4,350.29 |
| L/C   12/01/08 | $ | 282.21 |
| L/C   01/01/09 | $ | 282.21 |
| REG RCV 02/01/09 | $ | 4,350.29 |
| L/C   02/01/09 | $ | 275.33 |
| REG RCV 03/01/09 | $ | 4,350.29 |
| L/C   03/01/09 | $ | 275.33 |