## IN THE UNTED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISCTICT OF FLORIDA

IN RE:           )          **CASE # 09-15332**

**Joseph L. Worrell,**    )

       **Debtor**      )          **CHAPTER 13**

               )

### MOTION TO REOPEN CHAPTER 13 CASE
### AND FOR ADVERSARY PROCEEDINGS
*Three-Judge Request, under 28 U.S.C. § 2284*

---

United States Bankruptcy Code provides, in 11 U.S.C. §350, that a case may be reopened at *any time*. Pursuant to Rule 60(b)(4), and for fraud on the court, Petitioner hereby files this Motion requesting the Court reopen this case for Adversary Proceedings (AP), and alleges as follows in support thereof:

PAID
#143863

### I.

### *DISREGARD OF FEDERAL LAW PRECIPITATED THIS FILING*

1. On March 26, 2009, on a Pro se basis Petitioner filed a Chapter 13 petition in this Court (Case number 09-15332), and timely filed the legally required information and schedules; DE# 17 – 22.

2. The United States Trustee Office in 2009, also promulgated instructions (U.S. Trustee Guidelines) emphasizing that federal trustees *must* independently examine and verify the veracity of mortgage lien claims in proceedings under Chapter 13 (Appendix 1).

3. On March 30, 2009 Petitioner's home nonetheless, was unlawfully sold at an unapproved state administered foreclosure sale, in violation of U.S. Bankruptcy law and 11 U.S.C. §362 (Appendix 2).

4. Shortly thereafter, in May 2009, Petitioner was **involuntarily** activated to perform active duty military service pursuant to 10 U.S.C. §12302, and was deployed overseas for a year, until May 2010. Before entering active duty service, Petitioner filed timely request for federal civil relief and stay of proceedings in this court under 50 U.S.C. §501 Et. Seq., (the "SCRA"), supported by copies of official military orders and other evidence; DE #28.

5. On June 30, 2009, about five week after Petitioner entered **federally protected military service** and departed from Florida, the standing trustee

in this case being fully appraised of same, nevertheless requested that this Court dismiss the case, and a dismissal order was wrongly entered the next day, on July 1, 2009. Federal law further provides that the United States Trustee Office is to be contacted for directions on rescheduling in extenuating circumstances that make a debtor unable to appear in person, including ***military service***, terminal illness, disability, or incarceration. The law also require the standing trustee must avoid actions which would result in the perception that the standing trustee is a judge or has judicial power; 11 U.S.C. § 1302(b)(4). Hence, the dismissal action clearly was inappropriate and unlawful, under the circumstances.

6. Subsequently and as direct result, on August 31, 2009 another unapproved state foreclosure sale of Petitioner's home was orchestrated and conducted, without legal notice to Petitioner, deployed and serving overseas (as detailed in official military orders and evidence filed).

7. On about August 18, 2009 while deployed, another request for Stay of proceedings was refiled on Petitioner's behalf (DE# 30) to prevent continued violation of protected federal rights, and seeking vacatur of the wrongful dismissal. On August 27, 2009 an emergency hearing was held, and on September 1, 2009, three days after the hearing, this court entered its decision (the Order), making specific factual findings based on the plain mandatory language of the federal statute (DE# 33). A record of the hearing is hereby requested to support this motion.

8. The Order entered on September 1, 2009 rightly VACATED the wrongful dismissal, and reinstated and STAYED the case until May 2010, rendering the unapproved state foreclosure sale(s) orchestrated and conducted without notice, **VOID** (not voidable) **by operation of law**. Paragraph 5 of the Order further provides that any objections must be filed within 10 days, which objection(s) shall be set for hearing by the Court. None were filed, thus any defenses to the Order (if any existed) were waived, and duly acquiesced.

## II.

### *AFTER THE ORDER AND SPECIFIC FACTUAL FINDINGS OF THIS COURT, WILLFUL VIOLATIONS CONTINUED*

9. On September 2, 2009, before Florida's Chapter 45 statutory *10 day* period[1] for objections expired, and before legal title to the home could transfer, the

Order of this Court was duly served on all parties. Additionally, a Motion to set aside the illegal sale conducted in violation of federal law was filed as timely objection to the sale (Appendix 3). The motion was supported by a copy of the Order and factual findings of this Court, as attachment exhibit A, and states in part . . . "

 (4) The Defendant's residence was sold at public auction on 08/31/2009.

 (5) The Bankruptcy Court entered an Order reinstating the case 09/01/2009. See order attached as Exhibit A.

 (6) A suggestion of bankruptcy was filed with this court on 09/02/2009. See Exhibit B.

 (7) When the certificate of sale is filed the sale shall stand confirmed, and title to the property shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments. See F.S. 45.031(6).

 (8) The certificate of title has not been filed.

 (9) Title therefore remains with the Defendant and is part of the bankruptcy estate.

 (10) This Court does not have authority to sell property of the bankruptcy estate, ***which renders the foreclosure sale void.*** *(Emphasis added).*

 (11) The bankruptcy code provides that the automatic stay of an act against property of the estate continues until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1).

 (12) The automatic stay is therefore in effect and this Court is therefore enjoined from taking any further action in this matter. Wherefore, the Defendant moves to set aside the foreclosure sale and for stay of proceedings . . . "

10. On October 30, 2009 and on August 17, 2010, so-called late "proofs of claims" (predicated on fraud) were filed (DE# 37 & 49), and were ALLOWED in this case without any proper review or scrutiny required by U.S. Trustee and federal law. Due to military deployments, Petitioner did not receive notice, and therefore had no knowledge of what was filed.

---

[1] SCRA section 525 expressly provides that no period of Active Duty may be included when computing a period of time limited by law. This legal requirement arguably, would operate to also prevent any lawful sale or legal transfer of title to home during Petitioner's military deployment, because the statutory protected period required to clear title legally, cannot run. See In Re: Conroy v. Aniskoff, 507 U.S. 511 (1993).

11.  On May 14, 2010, after returning from deployment and timely making all monthly pre-confirmation payments, Petitioner attended the docketed 341 meeting to comply with this court's instructions in DE# 33; (DE# 38).

12.  On June 28, 2010 the trustee however, bizarrely insisted the attorney of record in this case withdraw IMMEDIATELY (Appendix 4), and **inexplicably** rescheduled numerous 341 **meetings,** no fewer than 4 times. (DE# 42, 45, & 51). A record of the hearing is hereby requested to support this motion.

13.  Eventually, in September 2010 an attorney, Alan Fisher P.A., was handpicked (by trustee), assigned the case, and promised in open court on October 25, 2010, to *"handle"* the case so long as plan payments continued during Petitioner's pending military redeployment.

14.  The "trustee assigned attorney", however emailed Petitioner as soon as he had left Florida, interestingly stating that the case was again dismissed by the trustee on November 19, 2010 for "missing payments". But again, no accounting nor specifics details were provided to support the claim (DE# 67). A record of the hearing is hereby requested to support this motion.

## III.

### *NO LEGAL BASIS EXIST TO SUPPORT VALIDATION OF AN INVALID SALE, INTENDED TO CIRCUMVENT FEDERAL LAW*

15.  There is no legal basis that supports the argument that in bankruptcy, an unapproved foreclosure sale purposely designed, orchestrated, and administered to circumvent federal solvency laws and this Court's exclusive jurisdiction, while this case was active from March 26, 2009 – November 19, 2010, is somehow not invalid. Landmark cases, and the entire body of bankruptcy law and jurisprudence, generally converge and agree that, absent notice and a hearing, an order purporting to dismiss a bankruptcy petition to remove the section 362 stay, is legally **invalid** as lacking constitutional due process. Accordingly, the automatic stay in this case remained in effect, rendering both the unapproved sales void. Furthermore, 11 U.S.C. 349 (b)(3) of the bankruptcy code **operates *naturally***, and expressly provides that the "effect of dismissal" is to return property of the estate to the **pre-petition** *status quo ante*. See also In Re Nash (9th Cir. 1985). Therefore, any unapproved post-petition sales are indeed, 100% void (not voidable) and invalidated by operation of federal law; title 11, section 349 (b)(3).

16.    Moreover, due to the underlying fraud on the court relied on to illegally
obtain **summary final judgment,** and to deny any scrutiny of the bogus
documents, or a trial to test veracity of claims, the so-called "summary final
judgment" paper presented in this case, is therefore not entitled to full faith
nor credit, and must be rejected in these proceedings for disregard of
constitutional due process.

### IV.

### *EVEN AFTER JAG AND ABA FINDINGS IN THIS CASE, EGREGIOUS DISREGARD OF FEDERAL LAW HAS NOT CEASED*

17.    From October 2010 until April 2011 during a **federally protected military
redeployment period**, Petitioner unsuccessful requested reinstatement of
the case, based on exactly the same legal provisions invoked in DE# 33.
Therefore, it is suggested that important federal law, including the SCRA,
was violated by the bankruptcy court and trustee in this matter. The Judge
Advocate General (JAG) reviewing the facts also reached similar
conclusions, and certified the matter to the American Bar Association
(ABA) for competent legal representation (Appendix 5), in the interests of
defending federal provisions for military members.

18.    The ABA military pro bono project agreed with the JAG, and accepted this
case for representation in March 2011. However, because legal services
provided through that particular ABA program are completely voluntary,
unluckily, an unqualified recently suspended Florida attorney was assigned
who also failed to competently handle the matter.

### V.

### *LEGAL ARGUMENT AND RELIEF SOUGHT TO PREVENT FURTHER VIOLATION OF FEDERAL RIGHTS AND PROTECTIONS*

This motion, and possible adversary proceedings, seeks declarative and
injunctive relief and remedies for vindication of federal rights of Petitioner,
pursuant to SCRA sections 597(a) & 533(c), bankruptcy law 11 UCS 362 &
349(b)(3), title 42 section 1983, and anti-discrimination statutes, including
damages for abrogation of federal protected rights believed to be violated.

Under the Supremacy Clause of the United States Constitution, state laws or
actions violating federal law are invalid. *See* U.S. Const. art. VI, cl.2. *See
also Shaw v. Delta Air Lines,* 463 U.S. 85, 96 n.14 (1983). It is also clear and well
established in law under U.S. Constitution art. III (Bankruptcy Clause), that state

courts are not vested jurisdiction nor any final legal authority to bindingly adjudicate or decide bankruptcy estate core matters and disputes derived from cases filed, or otherwise commenced under Title 11. Original and exclusive unfettered subject matter jurisdiction over ALL property, and to decide all such disputes is situated squarely within the bankruptcy courts, as specialized branches of the federal district courts system; 28 USC 151, & 1334(a), & 1471(e). See also Bankruptcy Rules 7001 and 9014. Yet, the persistent strange audacity, in this case, to disregard fundamental jurisprudence, and to ultimately disenfranchise Petitioner of his federal protections and property, is unremarkable.

### (a)

**WHEREFORE**, Petitioner seeks declarative relief, insofar as entry of an order **clarifying** certainty of ownership over the bankruptcy estate in this case, immediately after the Orders DE# 33 and DE# 67, on November 19, 2010 legally took effect. And seeks such other relief as the Court deems proper, under the circumstances.

### (b)

*In the alternative*, Petitioner respectfully request entry of an order reopening this case for debtor to (i) amend schedules, and (ii) file a detailed adversary complaint to remedy violations including, but not limited to, failure to observe bankruptcy law including the guidelines and independent duties of the United States Trustee; evidence of filing grossly inaccurate or false final report (Appendix 6), and redress of other errors and federal violations as also described by military JAG certification.

Respectfully submitted:

[Signature of Petitioner]
Joseph L. Worrell
C/O P O Box 30071
West Palm Beach
FL 33420
Phone: (561) 315-1750
Email: joworr@yahoo.com

**CASE # 09-15332**                                     **CHAPTER 13**

# __CERTIFICATION__

_____
Witnessed / Notarized:

STATE OF FLORIDA,
COUNTY OF PALM BEACH.
Subscribed and Sworn to before me, In my presence,
this ⚲⚲Ʇⱨ day of November_____, 2015
_____
(Notary Signature)
My commission expires _06|23|2017_
This person is personally known to me _____; or
Type of identification produced: State of FL DL



EVIDENCE

# APPENDIX 1

- **U.S. Trustee Guidelines for validating mortgage liens**

## GUIDELINES FOR REVIEWING MORTGAGE PROOFS OF CLAIM

The Bankruptcy Code requires standing trustees to examine proofs of claim and object to the allowance of any claim that is improper if a purpose would be served. This duty pertains to all judicial districts, even districts in which local rules or practices expressly provide that debtor's counsel are required to review proofs of claim as part of the representation of their client. If a specific provision of these guidelines conflicts with a local rule, administrative order, or case law, the local rule, administrative order, or case law will control.

For claims secured by a lien on the debtor's residence that are to be paid by the trustee under the plan the trustee must, at a minimum:

1.   Verify that copies of documents supporting a perfected security interest are attached to the proof of claim. If the secured creditor/mortgagee fails to attach copies of documents supporting a perfected security interest and the trustee is unable to confirm that the creditor/mortgagee has perfected its security interest, the trustee must take appropriate action.

2.   Verify that there is an itemization of the pre-petition fees, costs, and other charges attached to the proof of claim. If the proof of claim does not include an itemization of the fees, costs, and other charges and the trustee is unable to obtain the itemization, the trustee must take appropriate action.

3.   Verify whether the proof of claim includes a flat fee for review of the chapter 13 plan prior to confirmation and for preparation of the proof of claim and, if so, whether the fee is reasonable and fairly reflects the attorney's fee incurred. If the trustee determines that the fee is not reasonable, the trustee must object to the claim or take such other action as may be appropriate.

4.   Verify that the secured creditor has filed a proof of claim. If no claim has been filed, the trustee must ensure that the mortgagee's claim is not paid or take other action as may be appropriate.

5.   If a trustee determines, based on the trustee's facial review of the mortgage proof of claim, that the fees, costs, or charges are material and improper, the trustee must take appropriate action.

**CASE # 09-15332**                                    **CHAPTER 13**

**EVIDENCE**

# APPENDIX 2

- **First one of two foreclosure sales, in violation of U.S. Bankruptcy law and 11 U.S.C. §362**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,        CASE NO.: 502007CA019114XXXXMBAW
a Florida not-for-profit corporation,
    Plaintiff,

v.

JOSEPH L. WORRELL, MARCELLA M.
WORRELL, RUTH A RUDDER, EDWIN
L. WORRELL, NAVY FEDERAL CREDIT
UNION, JOHN DOE, and JANE DOE,

    Defendants.

_____/

## CERTIFICATE OF SALE

The undersigned, SHARON R. BOCK, Clerk of the Court certifies that notice of public sale of the property described in the order or final judgment was published in the DAILY BUSINESS REVIEW, a newspaper circulated in PALM BEACH COUNTY, Florida, in the Manner shown by the proof of publication ~~attached~~ and on MARCH 30, 2009 the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property was submitted by EMIGRANT MORTGAGE COMPANY, INC. , to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment.    SALE PRICE $100.00

WITNESS my hand and the seal of this court on MARCH 30 , 2009 .

Sharon R. Bock, Clerk & Comptroller

SHARON R. BOCK, as Clerk

By _____
    Deputy Clerk
    MASSOMEH DANESHMAYEH

MIA_DB: 1070235_1

LAW OFFICES
Becker & Poliakoff, P.A. - Alhambra Towers - 121 Alhambra Plaza, 10th Floor - Coral Gables, FL 33134
TELEPHONE (305) 262-4433

2008

# Bid Sheet

Date of Sale:    **3/30/2009**    at 10:00 a.m.    **Case Number: 2007 CA 019114 AW**

Representative: _Kevin._

**Attorney for Plaintiff:**    BECKER & POLIAKOFF, P.A.
Plaintiff ID @1117616    Attorney ID F13

**X** Sale shall not be conducted in Pltf's absence.
Plaintiff may cancel on written notice
Per FJ Pltf may assign without further order.
Assignee is exempt from doc stamp fees

Clerk reads legal description / Reading waived
**Sale Fee Due from Plaintiff:**

Clerk says: May I have the opening bid.
Schedule of Bids and Bidders:    **NO PROOF FILED**

100.00

After final bid CLERK SAYS: Going once, twice, three times to:

| | |
|---|---|
| **FJ Date** | **10/20/2008** |
| **Amt of FJ** | **$623,955.05  RA** |
| **Days:** | **161** |
| **Interest** | **$  30,274.64** |
| **Subtotal** | **$ 654,229.69** |

for the sum of:    $100.00

Affidavit/Order_____

Total    _____

**Foreclosure Receipt**



Date

| 30-Mar-2009 |

**Sharon R. Bock,**
**Clerk and Comptroller**

Received From                    Amount of Bid

| 07 CA 19114 AW |   | PLT ATTY |        | $100.00 |

Doc Stamps

| $70.00 |   | $0.70 |

Amount Due        Amount Paid

| $70.70 |   | $70.70 |

Cash Amount        Check Amount        CHECK NUMBER

|        |   | $70.70 |        | 13119, 13118 |

Balance Due

| $0.70 |

**NOTES**

| ROOM 3.2300 |

Page:         1

R E C E I P T
-------------

PALM BEACH CTY CIR CT JISPROD

Receipt Number:    CAMB293304
Date: 30-MAR-2009
Cashier: MDANESHMAYEH

Payor: BECKER & POLIAKOFF P A
Addr:  5201 BLUE LAGOON DR
       SUITE 100
       MIAMI, FL  33126

| Violation/Docket | Description | Amount |
| --- | --- | --- |

2007CA019114 - EMIGRANT MORTGAGE COMPANY INC V JOS
Party: EMIGRANT MORTGAGE COMPANY INC

|  | FORECLOSURE REGISTRY CHECK | -70.70 |
|  | Total Fees: | 0.00 |
|  | Total Payment: | 70.70 |

THE FOLLOWING FEES HAVE BEEN CREATED IN
ASSOCIATION WITH THE REGISTRY DEPOSIT
AND WILL BE PAID FROM THE DEPOSITED
MONEY.

Fee Description
-----------------------------------

**CASE # 09-15332**                                                      **CHAPTER 13**

EVIDENCE

# APPENDIX 3

- **Motion to set aside illegal sale, timely filed as objection to the sale**

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA
## CIVIL DIVISION

EMIGRANT MORTGAGE COMPANY, INC.,
a Foreign Profit Corporation
           Plaintiff.

                         CASE NO. 502007CA019114AW

vs.

JOSEPH L. WORRELL, et al,
           Defendants.

### DEFENDANT'S MOTION TO SET ASIDE FORECLOSURE
### SALE AND MOTION FOR STAY OF PROCEEDINGS.

    COMES NOW the Defendant by and through the undersigned attorney and files this Motion to Set Aside the Foreclosure Sale and Motion for Stay of Proceedings, and state and allege as follows:

    (1)    A Foreclosure Judgment was entered against Defendant's primary residence on 10/20/2008.

    (2)    A chapter 13 voluntary petition was filed on 03/26/2009.

    (3)    The Bankruptcy Court entered an Order dismissing the chapter 13 case on 07/01/2009.

    (4)    The Defendant's residence was sold at public auction on 08/31/2009.

    (5)    The Bankruptcy Court entered an Order reinstating the case 09/01/2009. See order attached as Exhibit A.

    (6)    A suggestion of bankruptcy was filed with this court on 09/02/2009. See Exhibit B.

    (7)    When the certificate of title is filed the sale shall stand confirmed, and title to the property shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments. See F.S. 45.031(6)

    (8)    The certificate of title has not been filed.

    (9)    Title therefore remains with the Defendant and is a part of the bankruptcy estate.

    (10)    This Court does not have authority to sell property of the bankruptcy estate, which renders the foreclosure sale void.

(11) The bankruptcy code provides that the automatic stay of an act against property of the estate continues until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1).

(12) The automatic stay is therefore in effect and this Court is therefore enjoined from taking any further action in this matter.

WHEREFORE, the Defendant moves to set aside the foreclosure sale and for a stay of proceedings.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail this 2nd day of September, 2009 upon:

Emigrant Mortgage Company, Inc.
c/o Steven M. Davis, Esq.
Becker & Poliakoff. P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables. FL 33134

Marie Campbell, Esq.
Florida Default Law Group, PL
Attorneys for Navy Federal Credit Union
P.O. Box 25018
Tampa, FL 33622-5018

Nelson A. Hunter, Esq.
Florida Bar No. 0674801
P.O. Box 213368
Royal Palm Beach, FL 33421
Tel. (561) 909-7622
Fax: (561) 793-1492
Attorney for JOSEPH L. WORRELL



**ORDERED in the Southern District of Florida on September 01, 2009.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

                                **CASE NO.: 09-15332-EPK**

**JOSEPH LLEWELLYN WORRELL**      **Chapter 13**
**aka JOEY WORRELL,**

    Debtor.
_____/

**ORDER GRANTING DEBTOR'S MOTION TO REINSTATE**
**CHAPTER 13 CASE AND MOTION FOR STAY OF PROCEEDINGS**

THIS MATTER came before the Court for hearing on August 27, 2009 upon the *Motion*

*to Reinstate Chapter 13 Case and Motion for Stay of Proceedings* (the "Motion") [DE 30] filed

by Joseph Llewellyn Worrell, aka Joey Worrell (the "Debtor").

The Debtor requests a stay of all proceedings in the above-captioned bankruptcy case

pursuant to the Servicemembers Civil Relief Act (the "SCRA"), 50 U.S.C. app. §§ 522(b) and

(d). The SCRA mandates a stay of any civil action in which a party is in military service or is

1

*EXHIBIT A*

within 90 days after termination of or release from military service, so long as the servicemember provides the court with the two documents enumerated in the statute. 50 U.S.C. app. §§ 522(a), 522(b)(2). The purposes of the SCRA are "(1) to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. app. § 502.

For the reasons stated on the record, and with the Court being otherwise fully advised in premises, it is ORDERED AND ADJUDGED as follows:

1) The Motion [DE 30] is GRANTED.

2) This Court's *Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments and for Failure to Appear at the Section 341 Meeting of Creditors* [DE 28] is VACATED and this case is REINSTATED.

3) Pursuant to 50 U.S.C. app. §§ 522(b) and (d), the above-styled bankruptcy case, and all proceedings therein, are STAYED until **April 30, 2010.**

4) The Debtor shall inform the Court if he returns from his deployment before April 30, 2010.

5) Objections to this Order may be filed with the Court within ten (10) days of the date of entry of this Order, at which time the Court shall set a hearing on said objection(s).

###

Copies Furnished To:

2

Joseph LLewellyn Worrell
13993 Caloosa Blvd
Palm Beach Gardens. FL 33418

Nelson A Hunter. Esq.
POB 213368
Royal Palm Beach. FL 33421

Robin R Weiner
POB 559007
Fort Lauderdale. FL 33355

AUST

*Nelson A. Hunter. Esq. shall serve a conformed copy of this order on all interested parties and file a Certificate of Service of the same.*

3



**DEPARTMENT OF THE NAVY**
NAVY EXPEDITIONARY LOGISTICS SUPPORT
GROUP FORWARD
APO AE 09366

IN REPLY REFER TO
5822
Ser S1/735
18 Jul 09

US Bankruptcy Court
Flagler Waterview Bldg.
1515 North Flagler Drive, 8th Floor
West Palm Beach, FL 33401

Dear Honorable Judge:

My name is Jim Sills, Captain, U.S. Navy and I am the Commanding
Officer of Navy Expeditionary Support Group, Forward Juliet. I
am writing on behalf of one of my sailors, Joseph L. Worrel,
Information Technician Second Class (IT2), United States Navy

IT2 Worrel is deployed with my battalion to the Persian Gulf to
take part in the Global War On Terrorism. I am not at liberty
to disclose his departure date or location; however, he will
remain out of country prior to your scheduled hearing and will
not be re-deployed until the spring of 2010. Due to the
sensitive nature of deployment and the job he is doing while
abroad, he is materially needed to ensure mission accomplishment
and hence, will not be authorized military leave until the term
of his deployment is met. Accordingly, pursuant to the Service
Members' Civil Relief Act, 50 U.S.C. App. §§ 501-596, I
respectfully request, on behalf of IT2 Worrel, a stay of the
proceeding until he is able to appear for these proceedings upon
his return.

I am prepared to answer any questions you may have. You may
also reach my Staff Judge Advocate, Lieutenant Commander Tri
Nhan regarding the content of this letter. He can be reached at
Tri.H.Nhan@Kuwait.swa.army.mil.

J. R. Sills

EXHIBIT B

ShowOrders

Page 1 of 9

**ORIGINAL**

PAAUZYUW RUCCBWF0001 0710046-UUUU--RHMCSUU.
ZNR UUUUU
P 120046Z MAR 09 ZYB
FM COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE
     //PERS4G//
TO NAVOPSPTCEN WEST PALM BEACH FL//N1/OSO//
PERSUPP DET JACKSONVILLE FL//JJJ//
COMNAVREG MIDLANT NORFOLK VA//N1/OSO//
PERSUPP DET NAVSTA NORFOLK VA//JJJ//
COMNAVELSG WILLIAMSBURG VA//N1/OSO//
PERSUPP DET LITTLE CREEK VA//JJJ//
INFO CNO WASHINGTON DC//N122F/N123/N312/N951/MOBCELL//
COMUSFLTFORCOM NORFOLK VA//N02R/N1/N14/N3/N34//34//
COMPACFLT PEARL HARBOR HI//N01RL1//
COMUSNAVCENT//N1/OSO//
COMNAVPERSCOM MILLINGTON TN//PERS02/PERS45/PERS4G1//
COMNAVRESFOR NEW ORLEANS LA//N02R/N1/N12/N14/N3/N34/N7/MOBCTR//
COMNAVAIRFORES SAN DIEGO CA//N00/N1/N2/N3/N5/N9//
COMNAVRESFORCOM NEW ORLEANS LA//N00/N1/N3/N5//
ECRC LITTLE CREEK VA//N3//
NAVRESREDCOM SE JACKSONVILLE FL//N00/N1/N3/N5//
NAVRESREDCOM NORTHWEST EVERETT WA//N00/N1/N3/N5//
COMNAVSPECWARGRU ELEVEN//JJJ//
NAVIOCOM FT GEORGE G MEADE MD//OSO//
BT
UNCLAS
MSGID/GENADMIN/COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE//
SUBJ/BUPERS MOBILIZATION ORDER: 0719 XXX-XX-1975
RMKS/
     OFFICIAL RECALL TO ACTIVE DUTY ORDERS FOR
     IT2 WORRELL JOSEPH LLEWELLYN, USNR, XXX-XX-1975
     13993 CALOOSA BLVD
     PALM BEACH GARDENS FL  334180000

REF:    (A) SEC 12302, TITLE 10 USC
        (B) COMNAVRESFORCOM NEW ORLEANS LA 211500Z AUG 08
        (C) MOBILIZATION EVENT NBR: 2079
        (D) OPNAVINST 3060.7B
        (E) CURRENT CNO N1 POLICY AND GUIDANCE FOR RECALL OF
            RESERVISTS UNDER PARTIAL MOBILIZATION AUTHORITY,
            CNO N1 MSG DTG 272246Z MAR 02.
        (F) ASSISTANT SECRETARY OF DEFENSE (RESERVE AFFAIRS)
            MEMORANDUM DATED 16 JUNE 2004 (SUBJ: ENHANCED HEALTH
            CARE BENEFITS FOR RESERVE COMPONENT MEMBERS AND THEIR
            DEPENDENTS
        (G) ASSISTANT SECRETARY OF DEFENSE (RESERVE AFFAIRS)
            MEMORANDUM DATED 15 MARCH 2007 (SUBJ: REVISED
            MOBILIZATION/DEMOBILIZATION PERSONNEL AND PAY POLICIES
            FOR RESERVE COMPONENT MEMBERS
        (H) JOINT FEDERAL TRAVEL REGULATIONS (JFTR)

NOSC WEST PALM BEACH, FL
REPORTED: *(handwritten)* 21 May 09
DEPARTED: 1600 21 May 09
NO GOVT BERTHING/MESSING AVAILABLE
*(handwritten)*
YN1 (SW) FICKLEN, USNR(FTS)

NMPS NORFOLK VA
Reported date  26 MAY 09
Departed date _____

**ORIGINAL**

P-31-2009

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,
a Florida not-for-profit corporation,
    Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,

    Defendants.

CASE NO.: 502007CA019114XXXXMBAW

CFN 20130055687
OR BK 25771 PG 0217
RECORDED 02/05/2013 16:11:50
Palm Beach County, Florida
AMT 100.00
Doc Stamp 0.70
Sharon R. Bock, CLERK & COMPTROLLER
Pg 0217; (1pg)

### CERTIFICATE OF TITLE

    The undersigned SHARON R. BOCK, Clerk of the Court, certifies that she executed and filed a certificate of sale in this action on __AUGUST 31, 2009__, 2013, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections, or have been heard by the court.

The following property in PALM BEACH COUNTY, Florida:

    Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in Plat Book 34, Pages 56 to 62.

was sold to __EMIGRANT MORTGAGE COMPANY, INC. C/O BECKER & POLIAKOFF, P.A.,__
__121 ALHAMBRA PLAZA, 10TH FLOOR, CORAL GABLES, FL 33134__
WITNESS my hand and the seal of this court on ____FEB 0 1 2013____.

SHARON R. BOCK, as Clerk

BY _____
    Deputy Clerk    KENNETH BIANCO

ACTIVE: E09475/116345:4843

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS ___ DAY OF _February_ 20___
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
    DEPUTY CLERK
    Frieda Munoz Andrade

2013 FEB -1 AM 9: 43    FILED

**LAW OFFICES**
Becker & Poliakoff, P.A. - Alhambra Towers - 121 Alhambra Plaza, 10th Floor - Coral Gables, FL 33134
TELEPHONE (305) 262-4433

EA0096

CASE # 09-15332                                      CHAPTER 13

**EVIDENCE**

# APPENDIX 4

- **Trustee demanded attorney of record in this case, must withdraw**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO. 09-15332-EPK
CHAPTER 13

IN RE:

JOSEPH LLEWELLYN WORRELL
        Debtor

### MOTION TO WITHDRAW AS ATTORNEY

Nelson A. Hunter shows that he is the attorney of record for debtor, JOSEPH

LLEWELLYN WORRELL, as evidenced by a previously filed motion on behalf of the debtor

[DE 30]. The motion requested reinstatement of the case and a stay of proceedings. The Court

entered an Order granting the motion [DE 33). The debtor was away on active military duty at

the time. By agreement with the debtor the attorney's appearance in this matter was limited to

the filing of the motion. The debtor has returned from active military duty and is prepared to

proceed pro se.

Nelson A. Hunter hereby moves for permission to withdraw as debtor's attorney in this

action. Debtor's address is 13993 Caloosa Blvd., Palm Beach Gardens, FL 33418.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via the attached service list this 12th day of July 2010.

Nelson A. Hunter
Florida Bar No. 0674801
PO Box 213368
Royal Palm Beach, Florida 33421
Tel: (561) 909-7622
Fax: (561) 793-1492
Attorney for debtor

Copies furnished to:
Electronic Mail Notice List
Aleida Martinez-Molina     amartinez@becker-poliakoff.com, tfritz@becker-poliakoff.com;mmartico@becker-poliakoff.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
Robin R Weiner     ecf@ch13weiner.com;ecf2@ch13weiner.com

Manual Mail Notice List
Joseoh Llewellyn Worrell
13993 Caloosa Blvd.
Palm Beach Gardens, FL 33418

EVIDENCE

# APPENDIX 5

- **The Judge Advocate General (JAG) reviewing the facts, also reached similar conclusions that federal violations, including the SCRA, were committed in this case**



**DEPARTMENT OF THE AIR FORCE**
AIR EDUCATION AND TRAINING COMMAND

3 March 2011

MEMORANDUM FOR  ABA MILITARY PRO BONO PROJECT

FROM: 82 TRW/JA

SUBJECT: Legal Assistance Case Referral for ABA Military Pro Bono Project

1. <u>Overview</u>: I met with Mr. Joseph Worrell during a legal assistance appointment and discussed his ongoing legal problems regarding his mortgage company and bankruptcy proceeding. After our discussion, I believe that the Servicemembers Civil Relief Act (SCRA) has been violated by the mortgage company and the bankruptcy court. I respectfully request that Mr. Worrell's case be referred to the ABA Military Pro Bono Project.

2. <u>Facts</u>: Mr. Worrell is a reserve member of the United States Navy. He enlisted as a drilling reservist in October 2002 in Florida. He completed his annual training and deployed from 26 Mar 09 through 8 May 10 and deployed again from 26 Oct 10 through 17 Feb 11. Mr. Worrell is self-employed in his civilian capacity.

3. Sometime before 2002, Mr. Worrell obtained a mortgage for a custom built home in Florida through Emigrant Mortgage Company and Sterling Bank. The interest rate has varied through Mr. Worrell's active duty assignments from 6.5% to 10.5% without any notice of the change in interest or any payment history indicating the breakdown of the mortgage payments.

4. Mr. Worrell and his wife divorced in January 2008. He was awarded occupancy in the house and ordered to make the mortgage payments. He was not awarded title to the house. Emigrant Mortgage Company attempted to collect mortgage payments from the ex-spouse but was unsuccessful. They obtained a default summary judgment against the ex-spouse in May 2008. The ex-spouse has not made any payments to date.

5. Mr. Worrell filed for bankruptcy shortly after as a result of the divorce and the interest rate change in the mortgage. The bankruptcy judge required Mr. Worrell to appoint a trustee to manage the proceedings. He attempted to obtain legal counsel for representation but was unsuccessful. Mr. Worrell received Title 10 active duty orders to report to Sheppard AFB, Texas from 9 Nov 10 to 15 Feb 11. He submitted a motion to reinstate and stay the proceedings along with a memo from his commander showing that his current military duty requirements materially affect his ability to appear in court. The bankruptcy court denied both motions stating that Mr. Worrell did not comply with a local court rule. The bankruptcy court did not give reason why the SCRA does not apply.

6. The bankruptcy court dismissed Mr. Worrell's bankruptcy suit without prejudice.

This communication is privileged as attorney work product and/or attorney-client communication or is protected by another privilege recognized under the law. Do not distribute, forward, or release without the prior approval of the sender or of 82 TRW/JA.

7. <u>Client's Desired Outcome</u>: Mr. Worrell would like to eventually obtain clear title to the home that he has heavily invested in financially. He would like the mortgage company to lower the interest rate to the rate required by the SCRA during his time of active duty service. Mr. Worrell would finally like the bankruptcy proceeding to be reinstated and his bankruptcy filing completed.

8. <u>Legal Theory</u>: The SCRA is meant to be a shield for those service members who drop their civilian lives at a moment's notice to defend the nation. Mr. Worrell has faithfully executed his service to the country and deserves the legal protections of the SCRA.

9. Emigrant Mortgage Company and Sterling Bank were required to lower the interest rate of the mortgage payments to 6% during the periods of active duty service in accordance with Sec 527, SCRA. Mr. Worrell was unable to make mortgage payments as a result of his military service. The creditor never attempted to show that Mr. Worrell's ability to pay was not materially affected by his military service. Emigrant Mortgage Company and Sterling Bank have refused to provide Mr. Worrell with notice of interest rate changes and have refused to answer repeated requests for a breakdown of the mortgage payments. Emigrant Mortgage Company has at one point stated that the interest rate was 7% but has been unable to provide evidence that the stated interest rate is in fact the interest rate that Mr. Worrell is being charged.

10. As a result of the divorce decree, Mr. Worrell is required to make mortgage payments on the home. Mr. Worrell was unable to and therefore filed for bankruptcy.

11. The trustee failed to properly handle the payments for the bankruptcy case. Mr. Worrell filed a motion to stay the proceedings in accordance with SCRA, Sec 522. Mr. Worrell's commander issued a memo stating that Mr. Worrell will not be released from his required training to attend the matter at hand. Mr. Worrell's personal appearance was necessary for the bankruptcy proceeding because he was unable to obtain a representative or legal counsel or a competent trustee. Mr. Worrell has showed good faith and diligence in resolving the matter by trying to make the requisite payments to bring the plan current and obtain title to his home. There is harm to Mr. Worrell in that the mortgage company will be able to obtain a default judgment and foreclose on his home. The mortgage companies and the bankruptcy court are using the SCRA as a sword against Mr. Worrell by denying any remedy in the matters. The judge ordered and directed the Clerk of the Court to "refuse to accept for filing any future voluntary petitions submitted by [Mr. Worrell]" unless Mr. Worrell pays his debts. The judge dismissed the bankruptcy proceeding without prejudice.

12. <u>Client's Attempt to Resolve the Issue</u>: Mr. Worrell has sought legal representation from numerous Florida attorneys and the assistance from the Florida State Bar. One of the attorneys established an attorney-client relationship by telling Mr. Worrell that he would take his bankruptcy case and even accepted payment in the form of personal checks from Mr. Worrell. Mr. Worrell later found out by the court that the attorney did not file a notice of representation with the court and did not cash the checks received as payment. Mr. Worrell has since attempted to represent himself pro se. He has researched complex bankruptcy case law and the SCRA, filed hand-written motions, and sought assistance from the legal office at Sheppard AFB, Texas.

13. <u>Certification</u>: I affirm, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the client I am referring to the Military Pro Bono Project has a bona-fide legal dispute, that the client's position is legally meritorious, with a good-faith basis for proceeding with the client's claim or defense, and that other available avenues for

**This communication is privileged as attorney work product and/or attorney-client communication or is protected by another privilege recognized under the law. Do not distribute, forward, or release without the prior approval of the sender or of 82 TRW/JA.**

resolution of the issue have been exhausted, thereby meeting the cause requirement determined from the elements of the good cause checklist.

14. If you have any questions, please contact me at 940-676-2442.

DIMPLE N. CHEEDA, Capt, USAF
Assistant Staff Judge Advocate

This communication is privileged as attorney work product and/or attorney-client communication or is protected by another privilege recognized under the law.  Do not distribute, forward, or release without the prior approval of the sender or of 82 TRW/JA.

CASE # 09-15332                                    CHAPTER 13

EVIDENCE

# APPENDIX 6

- **Evidence with trustee refunded checks, suggesting that a grossly inaccurate, or false, final report may also have been filed in this case**



In Re:   JOSEPH LLEWELLYN WORRELL　　§
　　　　　　　　　　　　　　　　　　§　　Case No.: 09-15332
　　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　Debtor(s)　　　　　　　　　§

------------------------------------------------------------------------

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Robin R. Weiner, Chapter 13 Trustee, submits the following Final Report and Account of
the administration of the estate pursuant to 11 U.S.C § 1302(b)(1). The trustee declares as
follows:

1)  The case was filed on 03/26/2009.

2)  This case was confirmed on N/A.

3)  The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on

NA.

4)  The trustee filed action to remedy default by the debtor in performance under the plan on

NA.

5)  The case was dismissed on 07/01/2009.

6)  Number of months from filing to the last payment: 18

7)  Number of months case was pending: 30

8)  Total value of assets abandoned by court order: NA

9)  Total value of assets exempted: $      560.00

10)  Amount of unsecured claims discharged without payment $       .00

11)  All checks distributed by the trustee to this case have cleared the bank.

**UST Form 101-13-FR-S(9/01/2009)**

**Receipts:**

Total paid by or on behalf of the debtor          $    21,900.00
Less amount refunded to debtor                    $    21,900.00
**NET RECEIPTS**                                  $              .00

**Expenses of Administration:**

Attorney's Fees Paid through the Plan             $         .00
Court Costs                                       $         .00
Trustee  Expenses and Compensation               $         .00
Other                                             $         .00

**TOTAL EXPENSES OF ADMINISTRATION**              $              .00

Attorney fees paid and disclosed by debtor        $         .00

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| EMIGRANT MORTGAGE CO | SECURED | 550,000.00 | 652,349.09 | 652,349.09 | .00 | .00 |
| CHILD SUPPORT ENFORC | UNSECURED | 9,000.00 | NA | NA | .00 | .00 |

**UST Form 101-13-FR-S(9/01/2009)**

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | .00 | .00 | .00 |
| Mortgage Arrearage | .00 | .00 | .00 |
| Debt Secured by Vehicle | .00 | .00 | .00 |
| All Other Secured | 652,349.09 | .00 | .00 |
| **TOTAL SECURED:** | 652,349.09 | .00 | .00 |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | .00 | .00 | .00 |
| Domestic Support Ongoing | .00 | .00 | .00 |
| All Other Priority | .00 | .00 | .00 |
| **TOTAL PRIORITY:** | .00 | .00 | .00 |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | .00 | .00 | .00 |

**Disbursements:**

| | | |
|---|---|---|
| Expenses of Administration | $ | .00 |
| Disbursements to Creditors | $ | .00 |
| | | |
| **TOTAL DISBURSEMENTS:** | $ | .00 |

12)     The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated:     09/29/2011                       /s/ Robin  R.  Weiner
                                            Robin  R.  Weiner,  Chapter  13  Trustee

**STATEMENT**     : This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R § 1320. 4(a)(2) applies.

**UST Form 101-13-FR-S(9/01/2009)**

# Enclosures



**SunTrust**

Customer Copy   Not Negotiable
**Official Check**

64-79/611
0734364702

Purchaser   Joseph Llewellyn Worrell

Date   Apr. 19, 2011

Initials (type)   Center

PAY   ****$16,900.00****

$16,900.00**

** Joseph Llewellyn Worrell **

To the Order of

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Non-Negotiable

Payable at SunTrust Bank

Authorized Signature

⑈0734364702⑈

---

**SunTrust**

Customer Copy   Not Negotiable
**Official Check**

64-79/611
0734364756

Joseph Llewellyn Worrell

Purchaser

Date   Apr. 21, 2011

Initials (type)   Center

PAY   ****$14,000.00****

$14,000.00**

**Joseph Llewellyn Worrell**

To the Order of

For:   Inc 3

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Non-Negotiable

Payable at SunTrust Bank

Authorized Signature

⑈0734364756⑈

---

**SunTrust**

Customer Copy   Not Negotiable
**Official Check**

64-79/611
0735325776

Purchaser   Joseph Llewellyn Worrell

Date   Jul. 29, 2011

Initials (type)   Center

PAY   ****$8,000.00****

$**8,000.00**

**Joseph Llewellyn Worrell**

To the Order of

For:   Inc 3

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Non-Negotiable

Payable at SunTrust Bank

Authorized Signature

⑈0735325776⑈



**SUNTRUST**

Customer Copy   Not Negotiable
**Official Check**

64-79/611
0735330654

Purchaser   Joseph Llewellyn Morrell

Date   Sep  21,2011

9563   6074410
Initials (type)      Center

PAY   ****$10,000.00****

$**10,000.00**

**Joseph Llewellyn Morrell**

To the
Order
of

SunTrust Banks, Inc. by Its Authorized Agent
SunTrust Bank

Non-Negotiable
Authorized Signature

Payable at SunTrust Bank   For:   hc 3

⑈0735330654⑈



**SUNTRUST**

**Official Check**

64-79/611
0735330654

by Positive Pay

9563   6074410
Initials (type)      Center

CYROMICALLY PRESENTED ELECTRONICALLY PRESENTED
Sep. 21,2011

PAY   ****$10,000.00****

$**10,000.00**

**Joseph Llewellyn Morrell**

To the
Order
of

SunTrust Banks, Inc. by Its Authorized Agent
SunTrust Bank

Authorized Signature

Payable at SunTrust Bank   For:   hc 3

⑈35 36    31 37:  19019996⑈